UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

HECTOR S. ALVAREZ,

        Petitioner,

        v.

PATRICK A. NOGAN, et al.,

        Respondents.

Civil Action No. 14-1397 (CCC)

**MEMORANDUM AND ORDER**

**CECCHI, District Judge**

    This matter having come before the Court upon *pro se* Petitioner's filing of a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 and previously having been terminated because Petitioner did not pay the $5 filing fee for a habeas petition as required by Local Civil Rule 54.3(a) or submit appropriate materials in application to proceed *in forma pauperis* in compliance with Local Civil Rule 81.2(b); and

    It appearing that Petitioner has now paid the $5 filing fee; and

    It appearing that:

    1.    Petitioner has filed a Petition for a writ of habeas corpus under 28 U.S.C. § 2254. This Court is required by *Mason v. Meyers*, 208 F.3d 414 (3d Cir. 2000), to notify Petitioner of the following consequences of filing such a Petition under the Antiterrorism and Effective Death Penalty Act ("AEDPA") and to give Petitioner an opportunity to file one all-inclusive § 2254 Petition.

1

2. Under the AEDPA, prisoners challenging the legality of their detention pursuant to the judgment of a State court must marshal in one § 2254 Petition all the arguments they have to collaterally attack the State judgment and, except in extremely limited circumstances, file this one all-inclusive Petition within one year of the date on which the judgment of conviction becomes final by the conclusion of direct review or the expiration of the time for seeking such review. *See* 28 U.S.C. § 2244(d). Absent extremely limited circumstances and the prior approval of the United States Court of Appeals for the Third Circuit, a claim presented in a second or successive § 2254 petition shall be dismissed. *See* 28 U.S.C. § 2244(b).

3. This one all-inclusive § 2254 Petition must specify all the grounds for relief available to Petitioner, state the facts supporting each ground, state the relief requested, be typewritten or legibly handwritten, be signed under penalty of perjury by Petitioner or an authorized person, and substantially follow the form appended to the Habeas Rules. *See* 28 U.S.C. § 2254 Rule 2(c) & (d).

4. The district court may not grant a writ of habeas corpus under 28 U.S.C. § 2254 unless the applicant has exhausted the remedies available in the courts of the State or exhaustion is excused under 28 U.S.C. § 2254(b)(1)(B) because there is an absence of available State corrective process or circumstances exist that render such process ineffective to protect the rights of the applicant. *See Rainey v. Varner*, 603 F.3d 189, 198 (2010) ("federal courts may grant a state prisoner's habeas petition only if petitioner has exhausted the remedies available in the courts of the State") (citations and internal quotation marks omitted); *see also Henderson v. Frank*, 155 F. 3d 159, 164 (3d Cir. 1998); *Lambert v. Blackwell*, 134 F.3d 506, 513 (3d Cir. 1997); *Toulson v. Beyer*, 987 F.2d 984 (3d Cir. 1993). Exhaustion requires a petitioner challenging a New Jersey conviction under § 2254 to have fairly presented each federal ground

raised in the petition to all three levels of New Jersey courts. *See Rainey*, 603 F.3d at 198; *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Rose v. Lundy*, 455 U.S. 509 (1982).

5. If Petitioner intends the Petition as filed to be the one all-inclusive § 2254 Petition, Petitioner may now tell the Court how to proceed by choosing one of the following options and notifying the Clerk of the choice pursuant to the terms of this Notice and Order:

   a. Have the pending § 2254 Petition ruled upon as filed; or

   b. Withdraw the pending § 2254 Petition and file one all-inclusive § 2254 petition subject to the one-year statute of limitations.

6. If Petitioner choose option 5.a. above and this Court decides the merits of Petitioner's claims, then Petitioner will lose the ability to file a second or successive petition under § 2254, absent certification by the Court of Appeals for the Third Circuit and extraordinary circumstances.

If Petitioner chooses option 5.b. above and the original Petition was filed within the one-year statute of limitations under 28 U.S.C. § 2244(c), then the statute of limitations will be tolled from the date the original Petition was handed to prison officials for mailing to the Clerk of the Court until 45 days after entry of this Notice and Order. Under these circumstances, if the original § 2254 Petition was filed within the one-year limitations period, Petitioner will have the 45-day response period plus any time remaining within the one-year statute of limitations period (as of the date Petitioner filed the original application) to draft and file one all-inclusive § 2254 Petition.

7. This Court makes no finding as to the timeliness of the Petition as filed.

**IT IS** on this __16__ day of __September__, 2014, hereby

3

**ORDERED** that the Clerk shall reopen this matter by making a separate entry on the docket to indicate that the matter has been reopened; and it is further

**ORDERED** that Petitioner will have 45 days from the entry of this Notice and Order to file with the Clerk a letter or other written response signed by Petitioner advising the Court how Petitioner would like to proceed; and it is further

**ORDERED** that, if Petitioner does not file a signed response choosing one of the above options within 45 days of the entry of this Notice and Order, then the Court will rule on the Petition as filed.

*[signature]*
**CLAIRE C. CECCHI**
**United States District Judge**